IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § § § | DOCKET NO. EP-06-CR-2563-FM(2) |
| ANDERSON, Mary Rebecca<br>a.k.a.: Judy Marie Engram<br>TN: Brenda Mattox | | |

SA13CA 385

## TRANSFER OF JURISDICTION

On this day came on to be considered the above-styled and numbered cause. Defendant, Mary Rebecca Anderson, a.k.a. Judy Marie Engram, TN: Brenda Mattox, began her term of supervised release on September 2, 2010 in the Western District of Texas San Antonio Division. The Defendant was sentenced on June 26, 2007, to fifty-one (51) months custody to be followed by four (4) years supervised release for the offense of Conspiring to import a quantity of marijuana, a violation of 21 U.S.C. §§ 952, 960 and 963. In order for any future matters to be heard in the division where the Defendant is currently residing, the Court finds that jurisdiction of this case should be transferred from the El Paso Division to the San Antonio Division.

It is therefore ORDERED that the above-styled and numbered cause be, and it is hereby, TRANSFERRED to the SAN ANTONIO DIVISION OF THE WESTERN DISTRICT OF TEXAS.

It is further ORDERED that the District Clerk's Office in El Paso, Texas, transfer the file to the District Clerk's Office in San Antonio, Texas.

SIGNED AND ENTERED this 22 day of April, 2013.

Frank Montalvo
U.S. District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### EL PASO DIVISION

Filed 6-29-07
Clerk, U. S. District Court
Western District of Texas
By _____ Deputy

UNITED STATES OF AMERICA

v.

Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX

Defendant.

Case Number   EP-06-CR-2563-FM(2)
USM Number   82134-180

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX, was represented by Luis E. Islas.

On motion of the United States, the Court has dismissed Counts 2, 3, 4, and 5.

The defendant pled guilty to Counts 1 of the Indictment on March 28, 2007. Accordingly, the defendant is adjudged guilty of such Count, involving the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 952, 960 and 963 | Conspiring to import a quantity of marijuana | December 7, 2006 | 1 |

As pronounced on June 26, 2007, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 29th day of June, 2007.

_____
FRANK MONTALVO
United States District Judge

Judgment--Page 2

Defendant: Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX
Case Number: EP-06-CR-2563-FM(2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of fifty-one (51) months to run concurrent with any pending sentences in state court charges.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant participate in a mental health program while incarcerated.

That the defendant be admitted to the (500 hour) Comprehensive Drug Abuse Treatment Program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX
Case Number: EP-06-CR-2563-FM(2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of four (4) years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

X   The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

X   The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment—Page 4

Defendant: Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX
Case Number: EP-06-CR-2563-FM(2)

## CONDITIONS OF SUPERVISION

### Mandatory Conditions:

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

### Standard Conditions:

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall abstain from the use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant: Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX
Case Number: EP-06-CR-2563-FM(2)

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform ____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment–Page 6

Defendant: Mary Rebecca Anderson, aka: Judy Marie Engram, TN: BRENDA MATTOX
Case Number: EP-06-CR-2563-FM(2)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 511 E. San Antonio Street, Room 219 El Paso, Texas 79901.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTAL: | $100.00       | $0       | $0              |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

JUDGE FRANK MONTALVO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2006 DEC 13 PM 3:38

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY ANTHONY WILSON and<br>MARY REBECCA ANDERSON, aka<br>Judy Marie Engram,<br><br>Defendants. | CRIMINAL NO. EP-06-CR-<br><br>INDICTMENT<br><br>CT 1: 21:963-Conspiracy to Import a Controlled Substance;<br>CT 2: 21:952(a)-Importation of a Controlled Substance;<br>CT 3: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute;<br>CT 4: 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance<br>CT 5: 18 U.S.C. 1001-False Statement |

THE GRAND JURY CHARGES:

EP06CR2563

COUNT ONE
(21 U.S.C. § 963, 952(a) & 960(a)(1))

That beginning on or about November 18, 2006 and continuing to on or about December 7, 2006, in the Western District of Texas, Defendants,

RAY ANTHONY WILSON and
MARY REBECCA ANDERSON, aka Judy Marie Engram,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).

## COUNT TWO
(21 U.S.C. §§ 952(a) & 960(a)(1))

That beginning on or about November 18, 2006 and continuing to on or about December 7, 2006, in the Western District of Texas, Defendants,

**RAY ANTHONY WILSON and
MARY REBECCA ANDERSON, aka Judy Marie Engram,**

knowingly and intentionally imported into the United States from Mexico a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1)).

## COUNT THREE
(21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about November 18, 2006 and continuing to on or about December 7, 2006, in the Western District of Texas, Defendants,

**RAY ANTHONY WILSON and
MARY REBECCA ANDERSON, aka Judy Marie Engram,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR
(21 U.S.C. § 841(a)(1))

That beginning on or about November 18, 2006 and continuing to on or about December 7, 2006, in the Western District of Texas, Defendants,

**RAY ANTHONY WILSON and**
**MARY REBECCA ANDERSON, aka Judy Marie Engram,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE
(18 U.S.C. § 1001(a)(2))

That beginning on or about November 18, 2006 and continuing to on or about December 7, 2006, in the Western District of Texas, Defendant,

**MARY REBECCA ANDERSON, aka Judy Marie Engram,**

in a matter within the jurisdiction of the U.S. Department of Homeland Security, Bureau of Customs and Border Protection, an agency of the United States, knowingly and willfully did make a materially false, fictitious and fraudulent statement to a federal officer, in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney

3

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (El Paso)
## CRIMINAL DOCKET FOR CASE #: 3:06-cr-02563-FM-2

Case title: USA v. Wilson et al
Other court case number: 5:13-CR-359 San Antonio, Western District of Texas
Magistrate judge case number: 3:06-mj-05506-NJG

Date Filed: 12/13/2006
Date Terminated: 11/19/2012

Assigned to: Judge Frank Montalvo

**SA13CA 385**

### Defendant (2)

**Mary Rebecca Anderson**
*TERMINATED: 11/19/2012*
*also known as*
Judy Marie Engram
*TERMINATED: 11/19/2012*

represented by **Ronald Perry Guyer**
Attorney at Law
PO Box 830846
120 King William St.
San Antonio, TX 78283
(210) 226-6808
Fax: 210/226-0331
Email: rpguyer@airmail.net
*TERMINATED: 11/19/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Luis E. Islas**
Law Office of Luis Islas
909 E. Rio Grande
El Paso, TX 79902
(915) 532-6011
Fax: 915/542-2341
Email: luiseislas48@hotmail.com

*TERMINATED: 06/29/2007*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| Pending Counts | Disposition |
|---|---|
| ATTEMPT/CONSPIRACY - MARIJUANA - IMPORTATION/EXPORTATION (1) | 51 months imrpisonment, 4 years supervised release and $100 S/A |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| MARIJUANA - IMPORT (2) | dismissed as to govt motion |
| CONSPIRACY TO DISTRIBUTE MARIJUANA (3) | dismissed as to govt motion |
| MARIJUANA - SELL, DISTRIBUTE, OR DISPENSE (4) | dismissed as to govt motion |
| STATEMENTS OR ENTRIES GENERALLY (5) | dismissed as to govt motion |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| 21:846=MD.F-Conspiracy to Distribute Marijuana , 21:841A=MD.F-Marijuana - Sell, Distribute, or Dispense , 21:963=MD.F,-Attempt/Conspiracy - Marijuana - Sell/Distribute/Dispense , 21:952A=MI.F,-Marijuana - Import approximately 94.12 pounds. | |

**Plaintiff**

USA        represented by    **Janet M. Bonner**
U. S. Attorney's Office
700 E. San Antonio
Suite 200
El Paso, TX 79901
(915) 534-6884
Fax: 915/534-3418
Email: janet.bonner@usdoj.gov
*TERMINATED: 01/04/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia Josefina Acosta**
Assistant U.S. Attorney
700 E. San Antonio
2nd Floor
El Paso, TX 79901
(915) 534-6884
Fax: 915/534-6024
Email: patricia.acosta@usdoj.gov
*TERMINATED: 02/11/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rifian S. Newaz**
U.S. Attorney's Office
700 E. San Antonio, Suite 200
El Paso, TX 79901
(915) 534-3424
Email: rifian.newaz@usdoj.gov
*TERMINATED: 12/21/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Gregory Garcia**
Assistant U.S. Attorney
700 E. San Antonio Street
Suite 200
El Paso, TX 79901
(915) 534-6884
Fax: 915/534-3462

Email: stephen.garcia@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Richard Spitzer**
Assistant U.S. Attorney
700 E. San Antonio
Suite 200
El Paso, TX 79901
(915) 534-6884
Fax: 915/534-6024
Email: steven.r.spitzer@usdoj.gov

*TERMINATED: 05/02/2007*
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/07/2006 | 2 | Arrest Warrant Issued as to Judy Marie Engram. (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/07/2006 | | Arrest of Judy Marie Engram (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/08/2006 | 1 | COMPLAINT as to Judy Marie Engram (1). (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/08/2006 | 3 | MOTION to Continue, MOTION to Detain Defendant without Bond by USA as to Judy Marie Engram. (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/08/2006 | | True Name of Defendant as to Judy Marie Engram. True name of defendant is: Brenda Marie Anderson. (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/08/2006 | 4 | NOTICE OF HEARING as to Brenda Marie Anderson Detention Hearing set for 12/13/2006 02:00 PM before Honorable Norbert J. Garney. Preliminary Examination set for 12/13/2006 02:00 PM before Honorable Norbert J. Garney. (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/08/2006 | | Minute Entry for proceedings held before Judge Norbert J. Garney :Initial Appearance as to Brenda Marie Anderson held on 12/8/2006 (Minute entry documents are not available electronically.) (Court Reporter ero.) (ar, ) [3:06-mj-05506-NJG] |

| | | |
|---|---|---|
| | | (Entered: 12/11/2006) |
| 12/08/2006 | | ORAL ORDER OF TEMPORARY DETENTION: Bond set to No Bond Set as to Brenda Marie Anderson . Signed by Judge Norbert J. Garney. (ar, ) [3:06-mj-05506-NJG] (Entered: 12/11/2006) |
| 12/08/2006 | 5 | CJA 20 as to Brenda Marie Anderson: Appointment of Attorney Christopher Allen Antcliff for Brenda Marie Anderson. . Signed by Judge Norbert J. Garney. (ar, )[3:06-mj-05506-NJG] Modified on 12/19/2006 (cr, ). CJA FILED IN WRONG CASE Modified on 12/19/2006 (cr, ). (Entered: 12/11/2006) |
| 12/08/2006 | 17 | CJA 20 as to Mary Rebecca Anderson: Appointment of Attorney Luis E. Islas for Mary Rebecca Anderson. . Signed by Judge Richard P. Mesa. (cr, ) (Entered: 12/19/2006) |
| 12/13/2006 | 6 | NOTICE OF FILING - NOTICE OF TRUE NAME by Brenda Marie Anderson (ar, ) [3:06-mj-05506-NJG] (Entered: 12/13/2006) |
| 12/13/2006 | 7 | WAIVER of Detention Hearing by Brenda Marie Anderson (ar, ) [3:06-mj-05506-NJG] (Entered: 12/13/2006) |
| 12/13/2006 | 8 | ORDER OF DETENTION: Bond set to Detained Without Bond as to Brenda Marie Anderson . Signed by Judge Norbert J. Garney. (ar, ) [3:06-mj-05506-NJG] (Entered: 12/13/2006) |
| 12/13/2006 | 11 | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to Ray Anthony Wilson (1) count(s) 1, 2, 3, 4, Mary Rebecca Anderson (2) count(s) 1, 2, 3, 4, 5. (cr, ) Modified on 1/10/2007 (cr, ). (Entered: 12/15/2006) |
| 12/13/2006 | 13 | Personal Data Sheet (Redacted) by USA as to Mary Rebecca Anderson (cr, ) (Entered: 12/15/2006) |
| 12/13/2006 | | Counts added: Mary Rebecca Anderson (2) count(s) 5 (cr, ) (Entered: 01/10/2007) |
| 12/14/2006 | 14 | NOTICE OF HEARING as to Ray Anthony Wilson, Mary Rebecca Anderson Arraignment set for 12/19/2006 02:00 PM before Honorable Richard P. Mesa. Docket Call set for 2/2/2007 09:30 AM before Honorable Frank Montalvo. (cr, ) (Entered: 12/18/2006) |
| 12/19/2006 | 16 | NOTICE /Letter Regarding Plea Date by USA as to Mary Rebecca Anderson (Spitzer, Steven) Modified on 12/19/2006 (cr, ). (Entered: 12/19/2006) |
| | | |

| | | |
|---|---|---|
| 12/19/2006 | 18 | DEFICIENCY NOTICE: re 16 Notice. as to Mary Rebecca Anderson. Re-submit letter addressed to attorney of record Luis Islas (cr, ) (Entered: 12/19/2006) |
| 12/19/2006 | 19 | NOTICE /Letter Regarding Plea Date by USA as to Mary Rebecca Anderson (Spitzer, Steven) (Entered: 12/19/2006) |
| 12/20/2006 | 21 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Mary Rebecca Anderson (dag, ) (Entered: 12/20/2006) |
| 12/20/2006 | 22 | General ORDER of Discovery as to Mary Rebecca Anderson . Signed by Judge Frank Montalvo. (dag, ) (Entered: 12/20/2006) |
| 02/02/2007 | 24 | Minute Entry for proceedings held before Judge Frank Montalvo :Docket Call as to Ray Anthony Wilson, Mary Rebecca Anderson held on 2/2/2007 (Minute entry documents are not available electronically.) (Court Reporter Nalene Benavides.) (dag, ) (Entered: 02/06/2007) |
| 02/06/2007 | 25 | ORDER TO CONTINUE - Ends of Justice as to Ray Anthony Wilson, Mary Rebecca Anderson . Signed by Judge Frank Montalvo. (cr, ) (Entered: 02/07/2007) |
| 02/06/2007 | 26 | ORDER as to Ray Anthony Wilson, Mary Rebecca Anderson Docket Call set for 3/2/2007 09:30 AM before Honorable Frank Montalvo.. Signed by Judge Frank Montalvo. (cr, ) (Entered: 02/07/2007) |
| 03/01/2007 | 28 | NOTICE OF ENHANCED PENALTY by USA as to Mary Rebecca Anderson (Acosta, Patricia) (Entered: 03/01/2007) |
| 03/08/2007 | 30 | ORDER as to Mary Rebecca Anderson Rearraignment set for 3/28/2007 09:00 AM before Honorable Frank Montalvo.. Signed by Judge Frank Montalvo. (cr, ) (Entered: 03/09/2007) |
| 03/28/2007 | 32 | PLEA AGREEMENT as to Mary Rebecca Anderson (Plea agreement documents are not available electronically.) (cr, ) (Entered: 03/29/2007) |
| 03/28/2007 | 33 | Minute Entry for proceedings held before Judge Frank Montalvo :Rearraignment held on 3/28/2007 ; Plea of guilty entered as to Mary Rebecca Anderson (2) Count 1 ; Referred to Probation for Presentence Report (Minute entry documents are not available electronically.), Guilty Plea Accepted by Court as to Mary Rebecca Anderson (2) Count 1. (Court Reporter N. Benavides.) (cr, ) (Entered: 03/29/2007) |

| | | |
|---|---|---|
| 03/28/2007 | 34 | ORDER as to Mary Rebecca Anderson Sentencing set for 6/19/2007 09:00 AM before Honorable Frank Montalvo.. Signed by Judge Frank Montalvo. (cr, ) (Entered: 03/29/2007) |
| 05/02/2007 | 38 | NOTICE OF ATTORNEY APPEARANCE Patricia Josefina Acosta appearing for USA. (Acosta, Patricia) (Entered: 05/02/2007) |
| 06/04/2007 | 39 | ORDER as to Mary Rebecca Anderson Sentencing set for 6/26/2007 09:00 AM before Honorable Frank Montalvo.. Signed by Judge Frank Montalvo. (md, ) (Entered: 06/05/2007) |
| 06/26/2007 | 41 | Minute Entry for proceedings held before Judge Frank Montalvo :Sentencing held on 6/26/2007 for Mary Rebecca Anderson (2), Count(s) 1, 51 months imrpisonment, 4 years supervised release and $100 S/A; Count(s) 2, 3, 4, 5, dismissed as to govt motion. (Minute entry documents are not available electronically.) (Court Reporter Benavides.) (md, ) (Entered: 06/27/2007) |
| 06/29/2007 | 43 | JUDGMENT AND COMMITMENT as to Mary Rebecca Anderson. Signed by Judge Frank Montalvo. (cr, ) (Entered: 07/02/2007) |
| 12/21/2011 | 77 | NOTICE OF ATTORNEY APPEARANCE Janet M. Bonner appearing for USA. (Bonner, Janet) (Entered: 12/21/2011) |
| 12/27/2011 | 80 | Probation Form 12 to revoke probation/supervised release as to Mary Rebecca Anderson (2) Count 1 Signed by Judge Frank Montalvo (cr, ) (Entered: 01/04/2012) |
| 12/27/2011 | 81 | MOTION for Revocation of Probation/Supervised Release by USA as to Mary Rebecca Anderson. (cr, ) (Entered: 01/04/2012) |
| 12/27/2011 | 82 | MOTION to Detain Defendant without Bond by USA as to Mary Rebecca Anderson. (cr, ) (Entered: 01/04/2012) |
| 12/27/2011 | 83 | Probation Warrant Issued by Judge Frank Montalvo as to Mary Rebecca Anderson. (cr, ) (Entered: 01/04/2012) |
| 01/02/2012 | 78 | NOTICE OF ATTORNEY APPEARANCE: Ronald Perry Guyer appearing for Mary Rebecca Anderson (Guyer, Ronald) (Entered: 01/02/2012) |
| 01/02/2012 | 79 | MOTION by Mary Rebecca Anderson. (Attachments: # 1 Exhibit) (Guyer, Ronald) (Entered: 01/02/2012) |
| 01/04/2012 | 84 | ORDER GRANTING 79 Motion To withdraw Arrest Warrant as |

| | | |
|---|---|---|
| | | to Mary Rebecca Anderson (2). Signed by Judge Frank Montalvo. (cr, ) (Entered: 01/04/2012) |
| 01/04/2012 | 85 | NOTICE OF ATTORNEY APPEARANCE Stephen Gregory Garcia appearing for USA. (Garcia, Stephen) (Entered: 01/04/2012) |
| 01/04/2012 | 86 | Copy of the Order as to Mary Rebecca Anderson delivered to the USM (cr, ) (Entered: 01/06/2012) |
| 01/09/2012 | 87 | Probation Warrant Returned Unexecuted as to Mary Rebecca Anderson per ORDER entered withdrawing warrant. (cr, ) Modified on 1/27/2012 (cr, ). (Entered: 01/11/2012) |
| 01/27/2012 | 88 | ORDER as to Mary Rebecca Anderson, Set Motion Hearing in case as to Mary Rebecca Anderson 81 MOTION for Revocation of Probation/Supervised Release.( Motion Hearing set for 1/30/2012 02:00 PM before Judge Frank Montalvo.). Signed by Judge Frank Montalvo. (cr, ) (Entered: 01/27/2012) |
| 01/27/2012 | 89 | ORDER CANCELLING hearing as to Mary Rebecca Anderson. Signed by Judge Frank Montalvo. (cr, ) (Entered: 01/27/2012) |
| 08/17/2012 | 96 | MOTION to Dismiss MOTION TO REVOKE SUPERVISED RELEASE by USA as to Mary Rebecca Anderson. (cr, ) (Entered: 08/22/2012) |
| 08/21/2012 | 97 | ORDER GRANTING 96 Motion to Dismiss Motion to Revoke Supervised Release as to Mary Rebecca Anderson (2). Signed by Judge Frank Montalvo. (cr, ) (Entered: 08/22/2012) |
| 04/23/2013 | 98 | Probation/Supervised Release Jurisdiction Transferred to San Antonio Division of the Western District of Texas as to Mary Rebecca Anderson Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (sp) (Entered: 04/25/2013) |