PROB 12C
(REV. 12/04)

FILED

# UNITED STATES DISTRICT COURT

AUG 8 2013

for

WESTERN DISTRICT OF TEXAS

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Anderson, Mary Rebecca, aka, Judy Marie Engram, TN: BRENDA MATTOX     Case Number: SA-13-CR-385 **XR**

Name of Sentencing Judicial Officer: Honorable Frank Montalvo, United States District Judge.
On April 22, 2013, the case was transferred to the San Antonio Division

Date of Original Sentence: June 26, 2007

Original Offense: Conspiracy to Import a quantity of marijuana, in violation of 21 U.S.C. § 952, 960 and 963

Original Sentence: 51 months imprisonment; 4 years supervised release; $ 100.00 special assessment;

Type of Supervision: Supervised Release     Date Supervision Commenced: September 2, 2010

Assistant U.S. Attorney: Patricia J. Acosta     Defense Attorney: Luis E. Islas

### PREVIOUS COURT ACTION

On December 21, 2011 the Court issued a warrant for drug use, association with known felons, and failure to follow the instructions of the Probation Officer. On August 21, 2012, the Court granted a Motion to Dismiss the Motion to revoke supervised release and the warrant was withdrawn.

On April 22, 2013, in the case was transferred to the San Antonio Division.

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**<br><br>The offender has knowingly associated with offender, Stephanie Lara, since before November 2011. She denied association, but it was confirmed by investigation and a statement from her former roommate and friend Bill Pearce. |

Mary Rebecca Anderson
SA-13-CR-385
August 6, 2013
Page 2

    2.     **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

On July 22, 2013, the defendant's long time roommate reported that the defendant resided at his home at 9227 Ingleton, with a known felon, Stephanie Martinez,. She has resided there since he bought the home in November 2011. He reported that she had located the home and encouraged him to buy it, but he was not allowed to reside there. Additionally, he had rented her an apartment for a year before that, and she resided there until he purchased the home. Therefore, the offender's true residence was never provided to the probation office.

    3.     **The offender shall report to the probation office and submit a truthful and complete, written report within the first five days of the month.**

On July 22, 2013, after an argument, Mr. Pearce, the offender's roommate, stated he wanted the offender to leave his home, as he feared for his safety. The offender informed that she could get a hotel room with her credit card. Prior to leaving, I instructed the offender to call the probation office and provide an address of where she would be staying. She failed to do as instructed; therefore, this officer called and left a message on her voicemail and instructed her to report on July 23, 2013. She failed to do so. She has not called or responded to the voicemails, and her whereabouts are unknown. According to her former roommate, she and her friends have been calling and harassing him daily since she left.

**U.S. Probation Officer Recommendation:**

The offender began supervision on Sept 1, 2010 in San Antonio, Texas. She has an extensive criminal and drug history. The offender has history of mental health issues. She suffers from anxiety, depression and attention deficit hyperactivity disorder. Her day to day activities must be monitored, requiring her to take multiple daily medications for her to function properly. Ms. Anderson also suffers from Hepatitis C, poor liver, and kidney functioning. She has received drug treatment and has been on drug testing throughout supervision. Her medications seem to always be narcotics that yield positive specimen results. The probation office must consistently confirm the specimen to assure she is not using illegal substances, but it has proven difficult. In addition to the aforementioned conditions, the offender tends to be very manipulative by using her medical conditions as reasons not to comply. She is a difficult to supervise.

She has been counseled and admonished about her failure to abide by conditions of release on many occasions by this officer and her supervisor. The court has been notified of prior violations as stated above.

Recently, the probation officer conducted an investigation based on suspicions that the offender was associating with known felons, and was not residing at the residence provided to the probation office, as her current residence. The results of the investigation revealed that she has carried on a long term association with a known felon namely; Stephanie Martinez who is currently on federal probation. Ms. Anderson admitted that in November 2011, she spent Thanksgiving with Ms. Martinez and her family in Houston, Texas.

The investigation further revealed, the offender was residing at 9227 Ingleton, San Antonio, Texas and had failed to report the new residence. The offender denied this allegation. On April 24, 2013, the undisclosed residence was confirmed by this officer and another probation officer while conducting surveillance. It was further confirmed,

Mary Rebecca Anderson
SA-13-CR-385
August 6, 2013
Page 3

during a surprise visit conducted on May 3, 2013, by this officer and her supervisor. Two hours prior to the surprise visit, she had reported that she resided at 7010 IH 35 at the Motel 9 and that she was there that the moment. She even encouraged this officer to come visit. She later admitted to the officers that she had moved to the Ingleton Road location, two weeks prior to our visit. According to her ex roommate she had resided with convicted felon, Stephanie Martinez for at least nine months. Prior to the visit or inquiry, she had never reported a change of residence to the probation office.

Based on the aforementioned violations, we respectfully recommend that a warrant be issued for her arrest to show cause as to why her term of supervised release should not be revoked.

☒ The term of supervision should be

    ☒ revoked. (Maximum penalty: <u>2</u> years imprisonment; <u>Lifetime</u> supervised release; and payment of any unsatisfied monetary sanction previously imposed)

    ☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

Approved:

_____
Jacqueline Duffner
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5328

Respectfully submitted,

_____
Tracy L. Tate
Senior U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5317
Date: August 6, 2013

cc: Erica Giese
    Assistant U.S. Attorney

    Suzan R. Contreras
    Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other _____

_____
U.S. District Judge
8/8/13